UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAZMAN S. WHITE,                          )
                                          ) No. CV-10-011-JPH
            Plaintiff,                    )
                                          ) ORDER GRANTING DEFENDANT'S
v.                                        ) MOTION FOR SUMMARY JUDGMENT
                                          )
MICHAEL J. ASTRUE, Commissioner           )
of Social Security,                       )
                                          )
            Defendant.                    )
                                          )
                                          )

        BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on January 14, 2011 (Ct. Rec.
12, 15). Attorney Lora Lee Stover represents plaintiff; Special
Assistant United States Attorney Benjamin J. Groebner represents
the Commissioner of Social Security (Commissioner). The parties
have consented to proceed before a magistrate judge (Ct. Rec. 7).
After reviewing the administrative record and the briefs filed by
the parties, the court **GRANTS** Defendant's Motion for Summary
Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion for Summary
Judgment (Ct. Rec. 12).

                          **JURISDICTION**

        Plaintiff protectively applied for supplemental security
income (SSI) on March 19, 2004, alleging onset as of December 15,
2002, due to lumbar pain, history of infection at cesarean
incision site, history of abdominal pain and gynecological
problems associated with recurrent ovarian cysts, seizure
disorder, arthritis, bilateral carpal tunnel syndrome with

bilateral releases, and obesity (Tr. 66, 107-109, 170). Her application was denied initially and on reconsideration (Tr. 82-89).

Two hearings were held. At a hearing before Administrative Law Judge (ALJ) R. J. Payne on November 8, 2006, plaintiff, represented by counsel, and a medical expert testified. The ALJ entered his first decision on December 20, 2006, finding Ms. White not disabled (Tr. 59-66). The Appeals Council remanded the case back to the ALJ on August 29, 2007, with instructions to consult a vocational expert (VE)(Tr. 48-49). At the second hearing, on January 18, 2008, plaintiff, again represented, medical expert neurologist James M. Haynes, M.D., and VE K. Diane Kramer testified (Tr. 908-929). Plaintiff stipulated this case is a step five determination (Tr. 928). On February 5, 2008, the ALJ found plaintiff not disabled as defined by the Act (Tr. 30-31). On November 25, 2009, the Appeals Council denied review (Tr. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 11, 2010 (Ct. Rec. 1,4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decisions, and the briefs of the parties. They are briefly summarized where relevant.

Plaintiff was 19 years old when she applied for benefits, and 23 at the second hearing in 2008. She has an eighth or ninth grade education (Tr. 132, 160, 168, 951). Ms. White has never worked

(Tr. 919). When she filed the current application, plaintiff
indicated she could not work due to "epilepsy and nerve damage in
her female parts inside" (Tr. 154). She is a single parent who
lives with her young son, who was three years old in 2006 when the
first hearing occurred (Tr. 950). At the 2006 hearing Ms. White
testified she attended church, lasting one to one and half hours,
but had not attended in 4-5 months (Tr. 63). Plaintiff's left hand
improved after carpal tunnel release surgery in July 2004 but,
after about a year, her right hand was not better (Tr. 63). She
had joint problems with her knee and back but did not seek
treatment because she was "too focused on her hysterectomy" (Tr.
63). She has not sought mental health treatment. Plaintiff stopped
taking her seizure medication. It made her tired but she never
mentioned it (Tr. 63). She cooks, vacuums, cleans, does laundry,
cares for her son, takes him for daily walks, visits family and
friends, shops for groceries, reads, writes poetry when she can,
and watches television (Tr. 63, 174-175, 182-184). Her mother
sometimes helps with cooking and cleaning (Tr. 63). At the second
hearing in 2008 plaintiff testified she takes no prescribed
medication for pain (Tr. 920).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability
as the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act
also provides that a Plaintiff shall be determined to be under a

---

disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from

performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 5 -

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

     It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 6 -

support the administrative findings, or if there is conflicting
evidence that will support a finding of either disability or
nondisability, the finding of the Commissioner is conclusive.
*Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, the ALJ found plaintiff did not engage in
substantial gainful activity after she protectively applied for
benefits on March 19, 2005 (Tr. 23). At steps two and three, ALJ
Payne found Ms. White suffers from history of infection at the
cesarean incision site, history of abdominal pain and
gynecological problems associated with recurrent ovarian cysts,
seizure disorder, arthritis, bilateral carpal tunnel syndrome with
bilateral releases[1], and obesity, impairments that are severe but
which do not alone or combination meet or medically equal a Listed
impairment (Tr. 23-25). The ALJ found plaintiff less than
completely credible (Tr. 27-28). He assessed an RFC for a range of
light work (Tr. 25). At step four, the ALJ found plaintiff has no
past relevant work (Tr. 29). At step five, relying on the VE, ALJ
Payne found plaintiff could work as a telephone quotation clerk
(Tr. 30). He found Ms. White is not disabled as defined by the
Social Security Act (Tr. 30-31).

## ISSUES

Plaintiff contends the Commissioner failed to properly weigh
the medical evidence and erred at step five (Ct. Rec. 13 at 11-
14). The Commissioner asserts the ALJ's decision is supported by

---

[1]Plaintiff underwent carpal tunnel release, right repeat, on
July 10, 2006 (Tr. 526).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                  - 7 -

the evidence and free of harmful legal error. He asks the Court to affirm (Ct. Rec. 16 at 20).

**DISCUSSION**

**A. Standards for weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and

convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir. 1995).

**B. Medical evidence**

Plaintiff makes three arguments related to the ALJ's assessment of the medical evidence. She alleges the ALJ should have (1) found lumbar pain a severe impairment at step two; (2) credited the 2005 opinion of her treating doctor, Daniel Stoop, M.D., that she is disabled, and (3) found her ability to concentrate is impaired by medication (Ct. Rec. 13 at 11-12).

The Commissioner responds the ALJ's step two determination, assessment of Dr. Stoop's opinion and RFC all are supported by the ALJ's credibility assessment, review of the complete medical record, and the opinions of both testifying experts. The omitted limitations are unsupported by the record (Ct. Rec. 16 at 11-17).

ALJ Payne considered the opinions of testifying neurologists Judith Willis, M.D., and James M. Haynes, M.D. (Tr. 24, 28-29). Dr. Willis noted plaintiff has a history of rheumatoid arthritis,

carpal tunnel syndrome with release surgeries, and status post right foot surgery.

Dr. Willis opined the seizure disorder diagnosis is questionable. At age eight, plaintiff was diagnosed with a seizure disorder. Dr. Willis points out plaintiff, on her own, quit taking prescribed anti-convulsant medication at age 15 and sought no further medical treatment for it until she became pregnant about three years later, at age 18. At that time a prophylactic low dose anti-convulsant was prescribed. [Medical records show plaintiff suffered no seizures while pregnant (Tr. 618)]. Dr. Willis observes two EEGs in 2003 showed no seizure activity on either side of the brain (Tr. 935-938). She opined any seizure disorder does not meet or equal the Listing.

With respect to CTS, Dr. Willis notes the record reflects no continued problems with carpal tunnel syndrome after release surgery (Tr. 939). An ANA blood test for rheumatoid arthritis (RA) is noted as positive in December 2005. However, no effusions and no abnormalities on muscle testing or neurologic examination have ever been noted (Tr. 938-939). No medical records show restricted activities as a result of complaints of pelvic pain (Tr. 940). Dr. Willis opined any rheumatologic disease (allegedly causing back and knee pain) is nonsevere based on treating sources' examination results (Tr. 939). Dr. Willis assessed an RFC for a range of light work (Tr. 941-944).

The ALJ notes Dr. Haynes's testimony at the 2008 hearing was similar to Dr. Willis's, although Dr. Haynes additionally opined medications may cause some "blunting" of alertness (Tr. 913-915). Two to four months before the 2008 hearing, plaintiff was

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 10 -

prescribed four medications: an anti-convulsant and three at Spokane Mental Health (Ex. 40F at Tr. 907; 912, 916). Ms. White testified she took only tylenol and ibuprofen for pain (Tr. 920). Dr. Haynes noted plaintiff failed to take anti seizure medication as directed and erratically sought treatment (Tr. 913).

In January 2005 treating doctor Stoop opined plaintiff qualified for benefits, i.e., was disabled (Ex. 12F/53 at Tr. 391-393). He opined she is disabled by seizures which are "not yet controlled," but admitted when controlled, he would defer to her neurologist's assessment (Tr. 391). In addition to seizures, Dr. Stoop felt plaintiff was disabled due to "chronic abdominal and pelvic pain due to her C section and post-op infection and this is expected to continue"[2] (Id). In December 2007, Dr. Stoop notes plaintiff "continues as an active alcoholic and multiple drugs of use [appear] on her last UDA" (Tr. 899). Because the ALJ found plaintiff not disabled, he was not required to detemrine if DAA contributes to the disability finding.

In his first decision, the ALJ observes beginning in early 2006, treatment records show plaintiff was doing well with her current medication regimen, depression was stable[3], and, despite complaints of insomnia, she reports normal energy and activity levels and denies fatigue (Tr. 62).

To aid in weighing the conflicting medical evidence, the ALJ

---

[2]Plaintiff suffered recurrent wound infection/abscesses along the abdominal wall following cesarean delivery on July 31, 2003 (Ex. 8F, 9F and 26F, Tr. 61, 502). She considered and eventually underwent a hysterectomy (Tr. 502, 504, 511, 514).

[3]Plaintiff does not assign error to the ALJ's assessment of depression.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 11 -

evaluated plaintiff's credibility, a determination she does not challenge on appeal. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ notes Ms. White's activities are not limited to the extent one would expect given her complaints of disabling symptoms and limitations (Tr. 28). He observes activities during the relevant period have included monthly grocery shopping, laundry, cooking, vacuuming, cleaning, and washing dishes by hand. Perhaps most importantly, the ALJ points out plaintiff has cared for a toddler as a single parent during the relevant period (Tr. 28).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 12 -

When evaluating medical opinions and a claimant's credibility as to limitations, the daily activities of caring for children are relevant. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)(rejecting medical opinion because proffered limitations were inconsistent with "the level of activity that Rollins engaged in by maintaining a household and raising two young children, with no significant assistance from her ex husband"). The ALJ's reason is clear and convincing. Plaintiff's activities are inconsistent with claimed disabling limitations and diminish her credibility.

The ALJ relied on plaintiff's unexplained failure to comply with treatment. He notes Ms. White sought no treatment for her seizure disorder from April 2006 until December 2007 (Tr. 27). Without medical approval, she greatly reduced her intake of prescribed anti-convulsant medication and at the first hearing in 2006 admitted she had stopped taking it entirely.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ gave the following reasons for giving Dr. Stoop's 2005 opinion little weight (1) it is unclear if Dr. Stoop is familiar with the Act's definition of disability; (2) the doctor

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

may have given his opinion in an effort to assist a patient with whom he sympathizes; (3) the doctor's own treatment notes do not support a disability finding; (4) because Dr. Stoop is not a neurologist, he is not qualified to assess the effects of a seizure disorder, and (5) he did not conduct a full functional capacities assessment (Tr. 29).

An ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(citing *Matney v. Sullivan*, 981 F.2d 1016, 1019). The ALJ is correct Dr. Stoop's January 2005 opinion is unsupported by the doctor's own treatment notes. The ALJ's reason is specific, legitimate and supported by substantial evidence. The ALJ is correct the record does not indicate Dr. Stoop knows what a claimant must show to qualify for disability benefits. This is also a specific, legitimate reason supported by the record.

The ALJ appropriately gave greater weight to the contradictory opinions of the testifying neurologists as to limitations caused by a seizure disorder, than to Dr. Stoop's opinion as a non-neurologist. Dr. Stoop acknowledged his deference to neurologic expertise with respect to seizure disorders.

The ALJ could not rely solely on the opinions of the testifying to reject Dr. Stoop's opinion[4], and he did not. He considered plaintiff's longitudinal medical history, diminished credibility, and daily activities inconsistent with claimed disabling impairment, when he weighed Dr. Stoop's opinion. The ALJ

[4]*See Lester*, 81 F.3d at 831 (citations omitted).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

should not have rejected Dr. Stoop's opinion because "the possibility always exists" that the doctor may have given it in an effort to help a patient "with whom he sympathizes for one reason or another," but because the ALJ cited several valid reasons supported by substantial evidence, this erroneous reason constitutes harmless error. The ALJ's remaining reasons are specific, legitimate, and fully support the weight given to Dr. Stoop's contradicted opinion. *See Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). An error is harmless when the correction of that error would not alter the result. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995).

The ALJ's step two and RFC determinations are supported by the record and free of legal error. Plaintiff alleges she suffers a severe lumbar impairment, and the RFC should include limited concentration caused by medication. When he weighed the evidence, the ALJ considered plaintiff's activities, inconsistent medical treatment, noncompliance with medical treatment, including failing to take medication as prescribed, inconsistent pain complaints, use of non-prescribed pain medication for allegedly disabling pain, and diminished credibility. He considered the opinions of the medical experts who opined plaintiff does not appear to suffer from a severe lumbar impairment and has an RFC for a range of light work. The ultimate issue of disability and degree of residual functional capacity must be made by the ALJ. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The record supports the ALJ's determinations. The evidence does not support a severe lumbar impairment, nor does it support limited concentration caused by medication.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 15 -

**C. Step five**

At step five the burden shifts to the Commissioner to demonstrate a claimant can engage in other types of substantial gainful work which exists in the national economy. *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993)(citation omitted). Plaintiff alleges the ALJ erred at step five because his RFC failed to include all of her limitations, there is "no verification" the VE's testimony conformed to the DOT, as required by *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007), and evidence that a significant number of jobs exist that plaintiff is able to perform is insufficient (Ct. Rec. 13 at 12-14). The Commissioner responds the VE's testimony is free of error and substantial evidence supports the ALJ's step five determination (Ct. Rec. 16 at 18-19).

The court has addressed plaintiff's first argument. Citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008), the Commissioner accurately observes a claimant does not show that an ALJ's step five determination is incorrect simply by repeating that the ALJ improperly evaluated her impairments (Ct. Rec. 16 at 18). The ALJ properly relied on the entire record when he assessed Ms. White's limitations. He included all of the limitations established by the evidence in his RFC.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial

evidence and may not substitute its own judgment for that of the
ALJ, even if it might justifiably have reached a different result
upon de novo review. 42 U.S.C. § 405 (g).

The Commissioner does not respond to plaintiff's next step
five, *Massachi*,[5] argument. The *Massachi* court held that an ALJ
must inquire as to whether a VE's testimony conflicts with the
DOT, remanded the case to have the question asked and answered,
and noted that this type of procedural error may be harmless if
there is no conflict between the VE's testimony and the DOT, or if
the VE provides sufficient support for her conclusions "to justify
any potential conflicts." *Massachi*, 486 F.3d at 1154 n. 19.

In response to ALJ Payne's first hypothetical, the VE
identified three jobs a person with plaintiff's RFC could perform:
fast food worker, DOT code 311.472-010, cashier II, DOT 211.462-
010, and housekeeper, DOT 323.687-014 -- all unskilled light
exertion positions (Tr. 921-922). She opined such a person could
perform the sedentary jobs of mail sorter (DOT 209.587-010),
charge account clerk (DOT 205.367-014), and telephone quotation
clerk (DOT 367-046-010)(Tr. 922-923). The ALJ's second
hypothetical included an additional limitation: right hand
fingering and handling were limited to occasionally. Ms. Kramer
testified a person with these limitations could work as a
telephone quotation clerk, but could not perform any of the other
jobs (Tr. 923-924). She testified in her experience, people
without a GED have been hired as telephone quotation clerks, bu
she projected the lack of a GED or high school diploma reduces the
occupational base by 50 percent (Tr. 926-927).

---

[5]*Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 17 -

Plaintiff has identified no actual inconsistency between the VE's testimony concerning the demands of the telephone quotation clerk job and the DOT, and no inconsistency is apparent. Plaintiff bears the burden of showing that a legal error was prejudicial. *See Shinseki v. Sanders*, __ U.S. __, 129 S. Ct. 1686, 1706 (2009). She has not done so. The ALJ's failure to inquire as to any possible conflicts between the VE's testimony and the DOT appears to have constituted at most harmless error.

Plaintiff alleges the evidence of "a significant number of jobs" in the national and regional economies is insufficient. The Commissioner answers that, although there is no bright line test to determine what constitutes a significant number of jobs at step five, case review provides some guidance (Ct. Rec. 16 at 19).

The Commissioner is correct that this Circuit has never clearly established the minimum of jobs necessary to constitute a "significant number." *Barker v. Secretary of Health and Human Services*, 882 F.2d 1474, 1478 (9th Cir. 1989).

Relying on the VE's testimony, ALJ Payne found 36,000 telephone quotation clerk jobs exist regionally (in Washington, Oregon and Idaho), while nationally, there are 1,600,000. Based on Ms. Kramer's testimony, these numbers are reduced by half because plaintiff has no diploma or GED (Ct. Rec. 16 at 19; Tr. 926-927). The Commissioner asserts the reduced number of regional jobs, 18,000, far exceeds the 1,266 local jobs upheld as "a significant number" in *Barker v. Secretary of Health &Human Servs.*, 882 F.2d 1474, 1478 (9th Cir. 1989).

The Commissioner is correct. First, at least one occupation is sufficient to support a finding that a claimant is not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 18 -

1  disabled. 20 C.F.R. § 416.966 (b). Second, the ALJ had sufficient

2  evidence at step five to determine that a significant number of

3  jobs exist[6] that plaintiff can perform.

4  **CONCLUSION**

5  Having reviewed the record and the ALJ's conclusions, this

6  Court finds the ALJ's decision is free of legal error and

7  supported by substantial evidence..

8  **IT IS ORDERED:**

9  1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is

10  **GRANTED.**

11  2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is

12  **DENIED.**

13  The District Court Executive is directed to file this Order,

14  provide copies to counsel for Plaintiff and Defendant, enter

15  judgment in favor of Defendant, and **CLOSE** this file.

16  DATED this 18th day of January, 2011.

17

18                    s/ James P. Hutton

19              JAMES P. HUTTON
          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26  _____

27       [6]The *Barker* court noted this circuit has found jobs from
     3,750 to 4,250 a "significant number." *Barker*, 882 F.2d at 1478,

28  relying on *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir.
     1986).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 19 -